802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel WALKER, Defendant-Appellant.
 No. 85-1544.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1986.
 
 Before KENNEDY, WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Samuel Walker was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C.App. II Sec. 1202(a)(1). Walker appeals, arguing that there was insufficient evidence to establish beyond a reasonable doubt that he "possessed" a firearm. We affirm.
 
 
 2
 At approximately 9:00 p.m. on December 29, 1984, Dorothy Maples informed two Detroit policemen that four black men with guns were parked in a burgundy Pontiac in front of her home. She also told the officers that she had seen one of the rear seat passengers "fondling" a gun. The officers radioed for assistance and drove to the house, where they saw a parked burgundy Pontiac containing four black men. As the officers drove past the car and stopped, the driver of the Pontiac attempted to pull away from the curb. A second police car arrived and assisted in blocking the Pontiac. The policemen then approached the Pontiac and ordered its occupants to get out.
 
 
 3
 When the driver and owner of the Pontiac, Anthony Hardnett, opened his door, Officer Josepti Shaw saw a rifle barrel under Hardnett's feet. Jt.App. 63. When the other occupants opened their doors, Officers Lawrence Wideman and Harry Romohno saw another rifle near Samuel Walker, the passenger in the left rear of the car.
 
 
 4
 All four occupants of the Pontiac were arrested and charged under state law with carrying concealed weapons in a motor vehicle. The Detroit police also discovered at that time that both Hardnett and Walker were convicted felons,[1] and, pursuant to an earlier agreement with the federal government, the police informed authorities from the Bureau of Alcohol, Tobacco, and Firearms. The federal authorities investigated, and charged Hardnett and Walker with being felons in possession of firearms, a violation of 18 U.S.C.App. II Sec. 1202(a)(1).[2] The state subsequently dropped the charges of carrying concealed weapons in a motor vehicle against all four occupants.
 
 
 5
 There was some question at trial about the location of the rifle found near Walker. Officer Romolino, standing at the left rear of the car, testified that the rifle was at Walker's feet, with the barrel in the air, pointing toward Romolino. Jt.App. 25 26. Romolino also answered "yes" to the government's question about whether "the gun was across [Walker's] feet," Jt.App. 25-26, and to the defense attorney's question about whether Romolino "saw the gun on [Walker's] feet." Jt.App. 34. Officer Wideman, who was standing at the right rear of the Pontiac, first testified that the gun was on the "right rear noor", Jt. App. 43, but later testified that it was "more on the left side." Jt.App. 47.
 
 
 6
 The jury found Walker guilty of being a felon in possession of a firearm. The court denied Walker's motions for judgment of acquittal, made both at the close of the government's case and prior to closing arguments, and sentenced Walker to the custody of the Attorney General for two years, pursuant to 18 U.S.C. Sec. 4205(a). Walker now appeals as of right to this court. His sole argument on appeal is that there was insufficient evidence to establish beyond a reasonable doubt that he possessed the firearm.
 
 
 7
 The issue before this court is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). See United States v. Meyers, 646 F.2d 1142, 1143 (6th Cir.1981). Whether direct or circumstantial, the evidence must permit the jury to find the defendant guilty beyond a reasonable doubt. Meyers, 646 F.2d at 1143. Here, the jury found beyond a reasonable doubt that Walker had possession of the rifle. Possession of a firearm may be actual or constructive, and may be shared jointly. United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.1973). Actual possession exists "when a tangible object is in the immediate possession or control of the party." Ibid. "Constructive possession exists when a person ... knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." Ibid.
 
 
 8
 Officer Romolino, at whom the rifle was aimed, answered "yes" on both direct and cross examination to the question of whether the rifle was across Walker's feet. Jt.App. 25-26, 34. Based on that evidence, Walker was actually touching, and within easy hand's reach, of the rifle. A rational jury could have thus concluded, beyond a reasonable doubt, that Walker had actual possession of the rifle. Romolino's testimony was sufficient evidence showing that the rifle was within Walker's "immediate possession or control." Craven, 478 F.2d at 1333.
 
 
 9
 Walker relies heavily on United States v. Beverly, 750 F.2d 34 (6th Cir.1994), in which we held that the evidence in that case was insufficent as a matter of law to establish beyond a reasonable doubt that the defendant was in constructive possession of a weapon. However, Beverly involved constructive, not actual, possession. In Beverly, a policeman found two guns in a wastebasket located near the defendant, while searching the home of a third party. One of the guns contained the defendant's fingerprints. However, the panel in Beverly specifically held that the defendant did not have direct control of the gun. Id. at 37. In the present case, we find to the contrary that a rational jury could have found that Walker had actual possession of a gun lying on his feet, in a car, with the barrel pointed toward the window of the car. The judgment is therefore AFFIRMED.
 
 
 
 [1]
 Walker was convicted in July 1979 of armed robbery, a felony
 
 
 [2]
 Section 1202(a)(1), 18 U.S.C.App. II provides in pertinent part: "Any person who ... has been convicted by a court of the United States or of a state or any political subdivision thereof of a felony ... and who receives, possesses, or transports in commerce or affecting commerce ... any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."